MICHAEL WARD, PLAINTIFF, v. JULIUS M. KAYCOFF ET AL., DEFENDANTS.

Decided April 29, 1931.

The opinion of the court was delivered by

CASE, J. Plaintiff caused summons and complaint to issue against Julius M. Kaycoff May 29th, 1930. Kaycoff died

June 7th, 1930, before filing answer and before his time so to do had expired. Later the will was probated, the executors qualified, the death was suggested on the record and the cause proceeded to judgment. Prior to the judgment, however, the executors had obtained the customary rule to limit creditors. On March 11th the executors petitioned the Union County Orphans Court that the estate be decreed insolvent for the reason that the real and personal estate of the decedent was unable to pay the debts, and the court on that day by order fixed May 27th, 1931, as the date of the hearing on the application. Meanwhile, plaintiff has caused execution to issue and levy to be made on certain funds of the estate. The case is now before me on a rule directing the plaintiff to show cause why he should not be restrained from proceeding with the execution and why the sheriff should not likewise be restrained from proceeding with the execution until the further order of this court.

Plaintiff's judgment is not within the class of debts against an estate to which the statute gives preference. Section 66 of the Orphans Court act, 2 *Cum. Supp. Comp Stat., p.* 2613. Judgments to be preferred must be actually entered of record during the lifetime of defendant. *Wood* v. *Hopkins,* 3 *N. J. L.* *689. When a rule to limit creditors has been taken in the Orphans Court by the personal representative, and upon a subsequent application such estate has been declared insolvent, a judgment obtained against the representative between the time of taking such rule and making such application will not be entitled to be paid in preference to other creditors. *Ryan, Admr.,* v. *Van Arx,* 46 *Id.* 531.

Clearly, proceedings on the execution should be restrained pending the determination by the Union County Orphans Court as to the insolvency of the estate; and if the estate be declared insolvent the restraint should be continued.

The rule will be made absolute, with costs.